■ ADALBERTO BAZAN et al., Respondents, v LIQUID CARBONICS COMPANY et al., Respondents, and S. B. PENICK COMPANY, INC., Appellant. — In an action, *inter alia,* to recover damages for personal injuries incurred as a result of an explosion at the Warner-Lambert Company's American Chicle factory, defendant S. B. Penick Company, Inc., appeals from an order of the Supreme Court, Queens County, dated June 13, 1980, that denied its motion for summary judgment, without prejudice to renewal upon completion of disclosure and discovery proceedings. Order affirmed, with one bill of $50 costs and disbursements payable jointly to respondents appearing separately and filing separate briefs. Contrary to the claim of appellant, S. B. Penick Company, Inc. (Penick), that it has conclusively established that none of its magnesium stearate (MS) was used or was present "in a legally cognizable quantity" in the Freshen-Up gum department on the day of the explosion and fire and had not been used in that department for more than eight weeks, we agree with the respondents and Special Term that several triable issues of fact are raised. First was the "controlled experiment" using standard magnesium stearate, i.e., "Penick MS", carried out? If so, when, and what is the possibility that there was residue "Penick MS" left as a result of the experiment which may have been present at the time of the explosion? Second, how long did the return to "regular [Penick] magnesium stearate on August 30th [1976]" continue? Did it continue after September 20, 1976 and/or October 25, 1976, the dates of purchase orders indicating the shipment of MS from a different company? Did the resumed use of Penick magnesium stearate leave residual MS dust in the explosion area? If so, in what quantity? Third, did Penick magnesium stearate continue to be used on the second and third floors, in the Tridamint and Trident departments, up to the time of the explosion? If so, was there transmission of MS dust by any means onto the fourth floor, where the explosion occurred? As to appellant's contention that Penick is a misnomer for an unincorporated unit of CPC International, Penick may move to substitute the name of the proper party. Summary judgment is not the means to effectuate the correction. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.